UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STONEWATER ROOFING LTD CO, LLC     CIVIL ACTION NO. 22-cv-1048

VERSUS     CHIEF JUDGE HICKS

MERRYTON BOSSIER, LLC, ET AL     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Stonewater Roofing, Ltd. filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship and an amount in controversy over $75,000. The complaint alleges in paragraph 3A that defendant Merryton Bossier, LLC, is an LLC whose members are Grace Chiao and Hui Ping Li, who are residents of Louisiana. As explained below, the citizenship of an individual is decided by domicile rather than residency. However, in paragraphs 3C&D, the complaint names Grace Chiao and Hui Ping Li as defendants and alleges that they are both domiciled in Louisiana. That clarification is adequate for Stonewater to meet its burden with respect to Merryton and the individual defendants. More information is needed to ensure that Stonewater has met its burden with respect to the remaining parties.

The complaint alleges that Stonewater is an LLC whose members are individuals who are residents of Texas. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State

is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Stonewater will need to file an amended complaint that specifically alleges the domicile of its members.

The complaint alleges that defendant Nationwide General Insurance Company is "a foreign insurance company" with its principal place of business in Ohio. The complaint does not allege whether Nationwide is a corporation or some form of unincorporated entity. If it is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). If Nationwide is an unincorporated association, then the rules regarding its citizenship can be found in cases such as Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008) and Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Stonewater must specifically allege in its amended complaint whether Nationwide is a corporation or some other form of entity. If it is a corporation, the complaint must allege its state of incorporation. If it is an unincorporated entity, the complaint must allege the citizenship of each of its members. Stonewater must file its amended complaint no later than **May 13, 2022**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of May, 2022.

Mark L. Hornsby
U.S. Magistrate Judge