UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STONEWATER ROOFING, LTD. CO., LCC, | CIVIL ACTION NO. 22-1048 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MERRYTON, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 22) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants, Merryton Bossier, LLC ("Merryton"), Grace Chiao ("Chiao"), and Hui Ping Li (aka James Lee Monkhouse) ("Monkhouse") (collectively "Defendants"). Plaintiff Stonewater Roofing, Ltd. Co., LLC ("Stonewater") has opposed the motion (Record Document 30), and Defendants have replied to the opposition (Record Document 34). Having reviewed Stonewater's Complaint[1] and applicable law, the Motion to Dismiss will be **GRANTED IN PART and DENIED IN PART**.

I. **Factual Background**

This suit concerns a roofing company, Stonewater, who agreed to perform repairs on motel properties owned by Merryton after they suffered storm damage in early 2020. See Record Document 38 at 3. After obtaining an initial award from their insurer, Scottsdale Insurance Company ("Scottsdale"), Merryton engaged Stonewater to perform an inspection and then make all needed repairs on Merryton's roof, as formalized in an

---

[1] The parties filed a Joint Stipulation (Record Document 40) stating that Defendants' Motion to Dismiss would not be rendered moot by Stonewater's Third Amended Complaint (Record Document 38), which was filed after the Motion to Dismiss, because the "Third Amended Complaint does not materially alter Stonewater's substantive allegations against Defendants in its Second Amended Complaint." See Record Document 40 at 1. Thus, the Motion to Dismiss, as well as the opposition and reply thereto, are deemed responsive to the Third Amended Complaint. See id. at 2.

1

agreement ("the Stonewater Proposal") entered on March 26, 2021. See id. at 3–4. The Stonewater Proposal contained an assignment from Merryton to Stonewater of all rights and proceeds that Merryton may obtain from Scottsdale after resolution of the insurance dispute. See id. at 3.

Because there was a discrepancy between Scottsdale's initial award under the insurance policy and Stonewater's assessment of the roof damage, an independent appraiser and later an "umpire" both provided new estimates for the roof replacement. See id. at 5–6. When Scottsdale continued to dispute the amount needed to make roof repairs, Merryton, Stonewater, and Scottsdale agreed to mediate the matter on December 27, 2021. See id. at 6. As a result of this mediation, Stonewater alleges an agreement ("the Mediation Agreement") was reached whereby the appraisal award was set at $1,500,000; however, this agreement was never signed by the parties. See id. at 6–7 (Ex. E Settlement Agreement p.7–8). Despite the mediation, Stonewater alleges it has yet to receive the insurance proceeds or any payment for the repair work it has performed. See id. at 7. Thus, on April 20, 2022, Stonewater filed suit against Merryton, Chiao, Monkhouse, and Scottsdale, alleging breach of contract, quantum meruit, detrimental reliance, and fraud. See Record Document 1; 38.

In the Motion to Dismiss, Defendants seek dismissal of counts one, three, four, five, and six as to Merryton, Chiao, and Monkhouse. See Record Document 22. Specifically, Defendants argue: (1) Stonewater's breach of contract claim as to the Stonewater Proposal fails as a matter of law because the agreement was subject to a suspensive condition that never occurred; (2) the Mediation Agreement is unenforceable because it is unsigned and does not obligate Merryton; (3) Stonewater's quantum meruit

claim fails as a matter of law because there is justification and cause for Merryton's enrichment; (4) Stonewater's detrimental reliance claim fails as a matter of law because the Stonewater Proposal contains an integration clause that forecloses reliance; and (5) Stonewater failed to properly plead a fraud claim. See id. In response, Stonewater argues that is has properly plead each claim, that the suspensive condition in the Stonewater Proposal was fulfilled or Merryton prevented its fulfillment, and that this matter should be stayed pending arbitration.[2] See Record Document 30 at 2. In their reply, Defendants reassert that each contract remains unenforceable and that Stonewater has abandoned its equitable relief claims by failing to properly contest them in the opposition to the Motion to Dismiss. See Record Document 34.

## II.     Pleading and Rule 12(b)(6) Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a

---

[2] Stonewater's Motion to Stay Pending Arbitration (Record Document 20) was denied in an Order (Record Document 41) issued after the briefing was completed on the Motion to Dismiss. Thus, Stonewater's arguments concerning arbitration will not be discussed here.

cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

### III. Analysis

#### a. Breach of Contract Claim against Merryton: The Stonewater Proposal

Defendants argue that the breach of contract claim as to the Stonewater Proposal fails as a matter of law because the agreement was subject to a suspensive condition that was never fulfilled. See Record Document 22-1 at 6. Defendants point to language in the Stonewater Proposal such as "Upon insurance approval…" and "***CONTINGENT UPON INSURANCE APPROVAL***" as indication that the parties intended the agreement to be subject to Scottsdale's approval. See id. Notably, Stonewater does not dispute that the Stonewater Proposal is subject to a suspensive condition; rather, Stonewater argues that the condition has been fulfilled. See Record Document 30 at 6.

4

Thus, this Court will interpret the Stonewater Proposal as being subject to a suspensive condition: the approval of Scottsdale.

Defendants assert in their motion that the facts show Scottsdale never gave its approval; thus, the condition was never fulfilled. Conversely, Stonewater argues—and pleads—that the suspensive condition has yet to be fulfilled because of Merryton's own fault—namely, that Merryton has "obstruct[ed] the release of the Settlement Funds" from Scottsdale and has "repudiate[ed] its contractual obligations to Stonewater by notifying Stonewater that it intends to contest any rights of Stonewater to obtain the Settlement Funds." See Record Document 38 at 8. There is therefore a factual dispute as to why the suspensive condition was never fulfilled. Taking Stonewater's well-pleaded allegations as true, there is a viable breach of contract claim against Merryton for its alleged actions in preventing the fulfilment of the suspensive condition and thereby breaching the Stonewater Proposal. See La. Civ. Code art. 1772 ("A condition is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment."). Thus, because Stonewater has plead a breach of contract claim concerning the Stonewater Proposal that is valid on its face, and factual disputes appear to exist concerning the fulfilment of the contract's suspensive condition, the Motion to Dismiss as to this claim is **DENIED**.

**b. Breach of Contract Claim against Merryton: The Mediation Agreement**

Defendants argue Stonewater's breach of contract claim as to the Mediation Agreement fails as a matter of law because the Mediation Agreement was never signed, and, even if the agreement were enforceable, Merryton owes no obligation to Stonewater under the express terms of the agreement. See Record Document 22-1 at 8. Stonewater

responds that the Mediation Agreement, attached as Exhibit E to the Third Amended Complaint (Record Document 38-5), was the agreement reached by Merryton, Stonewater, and Scottsdale at the mediation, and Merryton is now breaching its duty to deal in good faith by failing to comply with the agreement. See Record Document 30 at 5. This Court finds that a factual dispute exists concerning the parties' intent with respect to the mediation, and thus, dismissal of the breach of contract claim is not appropriate at this time.

"To be enforceable under Article 3071, a compromise must either be reduced to writing and signed by the parties or their agents, or be recited in open court and be capable of transcription from the record of the proceeding." Trahan v. Coca Cola Bottling Co. United, 894 So.2d 1096, 1104 (La. 2005); see also Lavan v. Nowell, 708 So.2d 1052 (La. 1998). To be valid, a compromise requires "a meeting of the minds between the parties as to what they intended when the compromise was reached." Parich v. State Farm Mut. Auto. Ins. Co., 919 F.2d 906, 914 (5th Cir. 1990). "A compromise agreement must therefore be unambiguous, perfect and complete in itself so that nothing is left for ascertainment by parol proof." Id. Here, the Mediation Agreement was reduced to writing, but clearly was not signed by any of the parties. See Record Document 38 at 6–7 (Ex. E Settlement Agreement p.7–8). However, Stonewater has attached to its opposition to the Motion to Dismiss an exhibit that contains an email chain indicating that the parties did in fact intend the Mediation Agreement to be the full compromise between the parties. See Record Document 30-1. Thus, Stonewater has cast doubt on Defendants' assertion that the Mediation Agreement was never intended to be the parties' settlement agreement— doubt that suggests this matter is better suited to resolution following discovery and

disclosure between the parties and before the Court. Thus, because a fact issue currently exists concerning the agreement's validity, the Motion to Dismiss as to the breach of contract claim against Merryton concerning the Mediation Agreement is **DENIED**.

### c. Quantum Meruit Claim against Merryton

Defendants argue that Stonewater's quantum meruit claim against Merryton fails as a matter of law because Stonewater cannot establish the essential elements of the claim. See Record Document 22-1 at 9. Specifically, Defendants assert that the elements of unjust enrichment, the only available basis for Stonewater's claim, are:

> (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law, *i.e.*, the action is subsidiary or corrective in nature.

Minyard v. Curtis Prod., Inc., 251 La. 624, 652, 205 So.2d 422, 433 (1967). Here, Defendants assert that Stonewater cannot state a claim upon which relief can be granted because it cannot show Merryton was enriched without cause. See Record Document 22-1 at 9. This Court agrees. Here, "there was justification for the enrichment under the terms of the contract." See Creely v. Leisure Living, Inc., 423 So.2d 1224, 1227 (La. Ct. App. 1982), writ granted, 430 So.2d 80 (La. 1983), and aff'd, 437 So.2d 816 (La. 1983). In other words, Merryton was justified in any enrichment it received because the Stonewater Proposal contemplated that Merryton would receive services from Stonewater. Additionally, simply because the Stonewater Proposal is subject to a suspensive condition, as explained above, Merryton would not be without cause merely due to the non-occurrence of the condition. See id. at 1228 (finding justification where

7

only cause for the enrichment was that party "drew up and entered into a contract based on the occurrence of a future event and that event failed to occur"). Thus, because Stonewater has not plead an absence of justification, the quantum meruit claim fails as a matter of law.

Additionally, this Court agrees with Defendants that Stonewater abandoned its quantum meruit claim by failing to adequately brief the issue in its opposition to the Motion to Dismiss. See United States v. Reagan, 596 F.3d 251, 254 (5th Cir. 2010) (finding failure to adequately brief an argument results in waiver). In the single paragraph that it devoted to its equitable relief claims, Stonewater failed to cite any law or record references that would support its claims. See Record Document 30 at 9. Instead, Stonewater merely asserted that the Motion to Dismiss should be denied because the equitable relief claims were properly alleged "[f]or the same reason as its breach of contract claim." See id. Such an assertion is insufficient to preserve Stonewater's arguments regarding its equitable relief claims. See United States v. Stalnaker, 571 F.3d 428, 439–40 (5th Cir. 2009) (finding matters waived for party's failure to fully explain arguments and "cite the record or relevant law"). Thus, for the above reasons, the Motion to Dismiss is **GRANTED** as to the quantum meruit claim.

### d. Detrimental Reliance Claim against Merryton

Defendants next argue that Stonewater's detrimental reliance claim fails as a matter of law because the Stonewater Proposal contained a "Complete Integration of Terms" clause that forecloses reliance on any extra-contractual promises. See Record Document 22-1 at 11. "Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the

plaintiff's detriment as a result of the reliance." Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co., 376 F.3d 399, 403 (5th Cir. 2004). Although "reasonableness" is generally a question of fact, "Louisiana law recognizes certain situations where a plaintiff's reliance on a promise is unreasonable as a matter of law." Id. Notably, "a plaintiff's reliance on promises made outside of an unambiguous, fully-integrated agreement [is] unreasonable as a matter of law." Id. at 404. Here, Defendants argue it was unreasonable as a matter of law for Stonewater to rely on any promises made outside of the Stonewater Proposal, where the Proposal contained a full integration clause. This Court agrees and finds any reliance by Stonewater on extra-contractual promises unreasonable as a matter of law. See Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1330 (5th Cir. 1994) (refusing to look past written contract where the agreement was fully-integrated).

    The Stonewater Proposal contains the following clause:

> 12. **Complete Integration of Terms.** This contract constitutes the entire understanding of the parties, and no other understanding, collateral or otherwise, shall be binding unless in writing and signed by both parties.

See Record Document 38-2 at 3. Based on the clear terms of this provision, the Stonewater Proposal was intended to constitute the parties' entire agreement, thus foreclosing reliance on any extra-contractual promises. Because Stonewater's detrimental reliance claim was plead in the alternative to a breach of contract claim on the Stonewater Proposal, the detrimental reliance claim must fail as a matter of law where the Proposal contained a full integration of terms. Additionally, to the extent Stonewater's pleadings can be read to assert a detrimental reliance claim in the alternative to breach

of the Mediation Agreement, such a claim similarly fails because the Mediation Agreement also contains a full integration clause:

> 7.2 Merryton and Stonewater stipulate that this Agreement contains the entire understanding and agreement between Merryton, Stonewater, and Scottsdale, that it supersedes any other written or oral exchanges, agreements or negotiations between them or their representatives, and that this Agreement may not be altered, amended or modified except by a writing properly executed by Merryton, Stonewater, and Scottsdale.

See Record Document 38-5 at 5. Thus, under the clear terms of each alleged contract, Stonewater failed to state a claim upon which relief can be granted.

Further, this Court finds that Stonewater abandoned its detrimental reliance claim, for the same reason it abandoned its quantum meruit claim as described above. See Reagan, 596 F.3d at 254. Thus, for the above reasons, the Motion to Dismiss is **GRANTED** as to the detrimental reliance claim.

### e. Fraud Claim against Merryton, Chiao, and Monkhouse

Finally, Defendants argue that Stonewater failed to plead its fraud claim with particularity, and thus, Stonewater fails to state a claim upon which relief can be granted. See Record Document 22-1 at 12; see also Fed. R. Civ. P. 9(b). "The elements of an action for fraud are 1) a misrepresentation of a material fact, 2) an intent to deceive (fraudulent intent), and 3) justifiable reliance and resulting damages." Tureau v. Hess Corp., No. CIV.A. 13-2969, 2015 WL 1542508, at *3 (W.D. La. Apr. 2, 2015). "A plaintiff bringing a fraud claim must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Thomas v. Barclays Cap. Inc., No. CV 18-0257, 2019 WL 113778, at *3 (W.D. La. Jan. 4, 2019) (quoting ABC Arbitrage v. Tchuruk, 291 F.3d 336,

10

350 (5th Cir. 2002)). "The standard for pleading fraud is, therefore, a higher standard than the standard for pleading other claims that must only comply with the Rule 8(a)(2) standard." Id.

Here, Stonewater alleges material misrepresentations were made concerning Merryton, Chiao, and Monkhouse's intentions under the Stonewater Proposal. See Record Document 38 at 12. Stonewater alleges that the representations "were false, were knowingly false when made, and were made with the intention to induce Stonewater into providing its labor, materials and/or services in connection with Merryton's building's roof." See id. However, Stonewater uses somewhat conclusory statements that Chiao and Monkhouse "represented falsely that they would permit Stonewater to perform the roof repair work" and that "Merryton refused in bad faith" to perform. See id. These pleadings identify the speakers, as required, but are lacking in detail concerning the exact statements made, as well as when and where they were made. Thus, Stonewater's request for leave to amend its complaint "to correct any pleading deficiencies" is **GRANTED** to allow Stonewater to plead with more particularity any additional allegations that may satisfy the heightened standard required for fraud. See Record Document 30 at 10; see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Thus, for the above reasons, Defendants' Motion to Dismiss is **DENIED** as to the fraud claim at this time.

IV. Conclusion

Accordingly, the Defendants' Motion to Dismiss (Record Document 22) is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** as to the quantum meruit and detrimental reliance claims, and thus, such claims are **DISMISSED WITH**

**PREJUDICE**. The motion is **DENIED** as to the breach of contract claim concerning the Stonewater Proposal, the breach of contract claim concerning the Mediation Agreement, and the fraud claim. Further, Stonewater's request for leave to amend its complaint is **GRANTED** with respect to the fraud claim.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this <u>29th</u> day of <u>November</u>, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT