# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

STONEWATER ROOFING, LTD. CO., LLC     CIVIL ACTION NO. 22-1048

VERSUS     JUDGE S. MAURICE HICKS, JR.

MERRYTON, LLC, ET AL     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Fraud Claim filed by the Defendants, Merryton Bossier, LLC ("Merryton"), Grace Chiao ("Chiao"), and Hui Ping Li (aka James Lee Monkhouse) ("Monkhouse") (collectively "Defendants"). See Record Document 71. Defendants contend that Plaintiff Stonewater Roofing, Ltd. Co., LLC's ("Stonewater") fraud claim in its Fourth Amended and Supplemental Complaint (Record Document 64) should be dismissed because Stonewater has failed to plead the requisite elements under Rule 9(b). See id. Stonewater opposes the motion. See Record Document 76. Defendants replied. See Record Document 77.[1] For the reasons that follow, the Motion to Dismiss Fraud Claim is **DENIED**.

## BACKGROUND

This suit concerns a roofing company, Stonewater, who agreed to perform repairs on motel properties owned by Merryton after they suffered storm damage in early 2020. See Record Document 64 at 2. After obtaining an initial award from their insurer,

---

[1] In its reply brief, Defendants state that because Stonewater's opposition brief was untimely filed, the Court should disregard it. See Record Document 77 at 3. The Court declines Defendants' invitation to disregard Plaintiff's brief. While Plaintiff's Brief is untimely, the Court will consider it in the interests of deciding the Motion on the merits. See Miller v. Am. Int'l Grp., Inc., No. 04-1417, 2006 WL 740936, at *1 n.1 (N.D. Tex. Mar. 14, 2006) ("While Plaintiff's Brief is untimely, the Court will consider it in the interests of deciding the Motions on the merits. Defendants filed a Reply on January 3, 2006."); see also S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 921 F.Supp.2d 548, 563 (E.D. La. 2013) (considering untimely motion for summary judgment because "a minor delay should not be dispositive of the motion, especially where the Court will ... have to decide the issues presented on virtually the same record as that presented here").

Scottsdale Insurance Company ("Scottsdale"), Merryton engaged Stonewater to perform an inspection and then make all needed repairs on Merryton's roof, as formalized in an agreement ("the Stonewater Proposal") entered on March 26, 2021. <u>See id.</u> at 3-4. The Stonewater Proposal contained an assignment from Merryton to Stonewater of all rights and proceeds that Merryton may obtain from Scottsdale after resolution of the insurance dispute. <u>See id.</u> at 4.

Because there was a discrepancy between Scottsdale's initial award under the insurance policy and Stonewater's assessment of the roof damage, an independent appraiser and later an "umpire" both provided new estimates for the roof replacement. <u>See id.</u> at 4-6. When Scottsdale continued to dispute the amount needed to make roof repairs, Merryton, Stonewater, and Scottsdale agreed to mediate the matter on December 27, 2021. <u>See id.</u> at 7. As a result of this mediation, Stonewater alleges an agreement ("the Mediation Agreement") was reached whereby the appraisal award was set at $1,500,000; however, this agreement was never signed by the parties. <u>See id.</u> (Ex. E Settlement Agreement p.7-8). Despite the mediation, Stonewater alleges it has yet to receive the insurance proceeds or any payment for the repair work it has performed. <u>See id.</u> at 7. Thus, on April 20, 2022, Stonewater filed suit against Merryton, Chiao, Monkhouse, and Scottsdale, alleging breach of contract, quantum meruit, detrimental reliance, and fraud. <u>See</u> Record Document 1; 38.

Defendants filed a previous Motion to Dismiss (Record Document 22), and the Court dismissed Stonewater's quantum meruit and detrimental reliance claims with prejudice. <u>See</u> Record Document 44. The Court denied the motion as to Stonewater's breach of contract claims and fraud claim. <u>See id.</u> The Court granted Stonewater's

request for leave to amend its complaint "to correct any pleading deficiencies" to allow it to plead with more particularity any additional allegations that may satisfy the heightened standard required for fraud. Record Document 43 at 11. Defendants filed the instant motion after Stonewater filed its Fourth Supplemental and Amended Complaint. See Record Document 71.

## LAW AND ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764

F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

"The elements of an action for fraud are 1) a misrepresentation of a material fact, 2) an intent to deceive (fraudulent intent), and 3) justifiable reliance and resulting damages." Tureau v. Hess Corp., No. 13-2969, 2015 WL 1542508, at *3 (W.D. La. Apr. 2, 2015). "A plaintiff bringing a fraud claim must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Thomas v. Barclays Cap. Inc., No. 18-0257, 2019 WL 113778, at *3 (W.D. La. Jan. 4, 2019) (quoting ABC Arbitrage v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002)). "The standard for pleading fraud is, therefore, a higher standard than the standard for pleading other claims that must only comply with the Rule 8(a)(2) standard." Id.

In its ruling on the previous Motion to Dismiss, the Court concluded that the pleadings in Stonewater's Third Amended Complaint regarding its fraud claim "identify the speakers, as required, but are lacking in detail concerning the exact statements made, as well as when and where they were made." Record Document 43 at 11. Defendants argue that the new allegations in Stonewater's Fourth Supplemental and Amended Complaint are no less conclusory than those in its Third Amended Complaint. See Record Document 71-1 at 6. Specifically, Defendants state that Stonewater fails to state the "who, what, when, and where" components required by the Fifth Circuit. See Record Document

71-1 at 6. In response, Stonewater contends that the Defendants simply repeat their prior arguments without any deference to the Court's ruling and the specific factual allegations added to the Fourth Amended and Supplemental Complaint. <u>See</u> Record Document 76 at 7.

Stonewater claims that "Merryton, Grace Chiao, and Hui Ping Li always intended to use the money received from Merryton's insurer to pay for other Projects and/or back taxes owed by their other corporate entities instead of paying Stonewater for the pre-construction and constructive services performed pursuant to the Contract." Record Document 64 at 11-12. It appears that after reading the new allegations set forth in the Fourth Amended and Supplemental Complaint, Stonewater's claim is best characterized as fraudulent inducement, which has the same elements as a basic fraud claim. <u>See</u> <u>U.S. Fire Pump Co., LLC v. Alert Disaster Control (Middle East) Ltd.</u>, No. 19-335, 2021 WL 296073 at *19 (M.D. La. Jan. 28, 2021). Regarding fraudulent inducement, the Fifth Circuit has explained that:

> [G]enerally, there is no inference of fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed. However, where substantial nonperformance is coupled with other probative factors, such as where only a short time elapses between the making of the promise and the refusal to perform it, and there is no change in the circumstances, an intent not to perform when the promise was made may, in appropriate circumstances, be properly inferred.

<u>U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.</u>, 336 F.3d 375, 386 (5th Cir. 2003) (cleaned up). "[T]he requisite intent must be coupled with prompt, substantial nonperformance to demonstrate fraud in the inducement. It must be shown that the defendant promptly followed through on its intent not to perform by substantially failing to

carry out its obligations under the contract." Id. In its reply, Defendants state that Stonewater has alleged Merryton's failure to perform contractual obligations, which is not fraud. See Record Document 77 at 1

Stonewater alleges that "Merryton knew before entering the Contract with Stonewater that it would not remit the funds, but fraudulently induced Stonewater into entering into the Contract and performing pre-construction and construction services on the Hotel." Record Document 64 at 12. Stonewater bases this assertion off a purported conversation with Monkhouse during which he "verbally told Roland Browne, manager member of Stonewater, that Merryton had already spent the Initial Award owed to Stonewater to pay for the work performed at the Cheeriton Project and/or to pay back taxes owed by Cheeriton, LLC." Id. at 6.

All reasonable inferences must be drawn in favor of the Stonewater, and Stonewater's version of the facts is accepted as true unless entirely unsubstantiated. Taking Stonewater's allegations as true, Defendants' nonperformance was prompt, the nonperformance was "substantial" in that they did not pay Stonewater the initial remitted funds under the contract for the roof repairs, and no allegations have been set forth that there was a change in circumstances. Because it is plausible that Defendants never intended to perform, representations that they would perform were misrepresentations. The last prong of the fraudulent inducement claim is detrimental reliance, and Stonewater alleges that it relied on these misrepresentations by contracting with Merryton and its labor, materials and/or services in connection with Merryton's building's roof.

Stonewater's allegations satisfy the "bare minimum" of Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," and Stonewater makes the requisite allegations. Fed. R. Civ. P. 9(b).

Based on these findings, the allegations by Stonewater have met the standard necessary to state a claim for fraud.[2]

## CONCLUSION

Based on the foregoing analysis, Defendants' Motion to Dismiss Fraud Claim (Record Document 71) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of September, 2024.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Defendants additionally argue that Stonewater has failed to state a plausible fraud claim against them because the Stonewater Proposal never materialized into an enforceable contract. See Record Document 71-1 at 8. Defendants assert that the Stonewater Proposal is subject to a suspensive condition under Louisiana law that never occurred. See id. at 9. The Court already found that there is a factual dispute as to why the suspensive condition was never fulfilled when Defendants made this argument regarding Stonewater's breach of contract claim. See Record Document 43 at 5.