UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STONEWATER ROOFING LTD CO LLC | CIVIL ACTION NO. 22-1048 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MERRYTON BOSSIER LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two Motions for Summary Judgment. Defendants Merryton Bossier, LLC ("Merryton"), Grace Chiao ("Chiao"), and Hui Ping Li, also known as James Lee Monkhouse ("Monkhouse"), (collectively, "Defendants), filed a Motion for Summary Judgment asking the Court to dismiss all remaining claims against them. See Record Document 90. Plaintiff Stonewater Roofing, Ltd. Co. LLC ("Stonewater") opposed. See Record Document 95. Defendants replied. See Record Document 98. Stonewater filed a Motion for Summary Judgment on its breach of contract claim against Merryton. See Record Document 92. Defendants opposed. See Record Document 96. Stonewater replied. See Record Document 99. For the reasons stated below, Defendants' Motion (Record Document 90) is **GRANTED IN PART AND DENIED IN PART**. Stonewater's Motion (Record Document 92) is **DENIED**.

**BACKGROUND**

Merryton owns immovable property, consisting of several commercial hotel buildings located in Bossier City, Louisiana ("the Hotel"). See Record Document 64 at ¶ 5. On January 10, 2020 and April 24, 2020, hailstorms damaged the roof of the Hotel.

See id. at ¶ 6. Due to these hailstorms, Merryton began noticing water leaks at the ceilings and on the floors of the Hotel. See id. at ¶ 7. In May 2020, Merryton notified its insurer for the Hotel, Scottsdale Insurance Company ("Scottsdale"), of water infiltration into the Hotel resulting from roof damage caused by the hailstorms. See id. at ¶ 8.

An independent adjuster, Jay Koonce ("Koonce"), assigned by Scottsdale to inspect the Hotel, visited the site on May 26, 2020 to evaluate Merryton's claim of roof damage. See id. at ¶ 9. On June 6, 2020, Koonce provided a repair estimate, which Merryton believed to grossly underestimate the damage to the Hotel ("Initial Award"). See id. at ¶ 10. Merryton claims that Initial Award, which totaled $15,395.38, failed to consider hail damage to the actual roofs covering the Hotel, such as the built-up roof, the metal roof, and shingle roof. See id. at ¶ 11. Merryton alleges the Initial Award provided primarily for the replacement of certain metal roof ventilation components dented only from the storm. See id. at ¶ 12.

Thereafter, Merryton contacted Stonewater, who had done work on another project for the members of Merryton before. See id. at ¶ 13. Merryton wanted to get a second opinion regarding the Initial Award provided by Scottsdale. See id. On August 11, 2020, Stonewater performed a roof inspection and evaluation for Merryton whereby Stonewater observed significant damage to the Hotel's built-up roof system, metal roofing, asphaltic roofing, and certain metal roof components noted in the Initial Award, hereinafter the "Hotel Roof System." See id. at ¶ 14.

On March 26, 2021, Merryton and Stonewater entered into an agreement ("the Stonewater Proposal" or "the Proposal")[1] whereby Stonewater would make all repairs and/or replacements to the Hotel's roof that would potentially be approved and paid by Scottsdale. See id. at ¶ 16. The Stonewater Proposal also required Merryton to assign Stonewater all rights and proceeds from the roof repairs and/or replacement authorized by Scottsdale. See id. at ¶ 17. After the Proposal's execution, Stonewater commenced roof repairs/replacement work, including ordering materials for the project, while awaiting the approval of the final appraisal award. See id. at ¶ 18. Stonewater claims that neither Merryton nor Scottsdale has paid for the work performed. See id.

Due to the discrepancy between Stonewater's assessment of roof damage and Scottsdale's Initial Award, Merryton contracted an independent appraiser, JM Judge & Associates, LLC ("Judge"), to determine the proper scope for repairs and/or replacement. See id. at ¶ 19. On September 9, 2021, Judge submitted an estimate for replacement of the Hotel Roof System in the amount of $1,869,455.63 ("the Judge Report"). See id. at ¶ 21. Thereafter, Merryton presented the Judge Report to Scottsdale, whereby it refused to concede the Judge Report was an accurate estimate for repairs/replacement of the Hotel Roof System. See id. at ¶ 23.

To resolve the discrepancies, the insurance contract between Scottsdale and Merryton required an umpire to investigate the disputed facts related to scope of work and payment thereof. See id. at ¶ 24. On November 2, 2021, Michael York ("York") was appointed umpire in accordance with Louisiana Revised Statutes § 22:1892(G). See id.

---

[1] Defendants and Stonewater disagree on whether the March 2021 document constitutes a proposal or contract. For the purposes of uniformity, the Court will refer to it as "the Stonewater Proposal" or "the Proposal." See Record Document 43.

at ¶ 27. York concluded that the Judge Report was an accurate estimation of damages, and thus certified $1,869,455.63 as the amount due to Merryton under its insurance policy with Scottsdale ("Appraisal Award"). See id. Stonewater claims that Scottsdale continued to dispute the Appraisal Award and refused to remit the same to Merryton and/or Stonewater so that they could make the needed roof repairs. See id. at ¶ 28.

To avoid litigation, Merryton, Stonewater, and Scottsdale agreed to formally mediate the matter on December 27, 2021. See id. at ¶ 29. As a result of the mediation, they agreed to settle the disputed Appraisal Award for $1,500,000.00 ("$1.5 million"). However, despite the mediation agreement, Merryton and Stonewater continue to dispute issues surrounding the settlement funds. See id. at ¶ 32, 33. In a recent Memorandum Ruling and Order, this Court enforced the Settlement Agreement, granted leave of Court to deposit the $1.5 million in settlement funds into the registry of the Court, and dismissed all claims against Scottsdale, allowing it to recover reasonable attorney fees and costs. See Record Document 104. In its Fourth Amended Complaint, Stonewater asserts the following claims: (1) Breach of Contract against Merryton; (2) Breach of Contract against Scottsdale; (3) Breach of Contract against Merryton and Scottsdale; and (4) Fraud against Defendants. See Record Document 64 at 8–13.

## LAW AND ANALYSIS

**I. Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Louisiana Contract Law.

Under Louisiana Civil Code Article 1927, "[a] contract is formed by the consent of the parties established through offer and acceptance." Cantu Servs., Inc. v. Frazier, No. 12-1292, 2015 WL 1133206, at *3 (W.D. La. Mar. 11, 2015). "[O]bligations between parties

can be subject to both conditions and terms." Material Handling Techs., Inc. v. Southland Process Grp. LLC, 2020 WL 1042236, at *4 (W.D. La. Mar. 3, 2020). If an obligation is dependent on an uncertain event, it is subject to a condition. Id. (citing LA. CIV. CODE art. 1767). An obligation is subject to a suspensive condition when it "may not be enforced until the uncertain event occurs." Id. Furthermore, "[w]hen an obligation is subject to a suspensive condition, 'the very existence of the obligation depends upon the occurrence of the event.'" Id. (quoting Cahn. Elec. Co. v. Robert E. McKee, Inc., 490 So. 2d 647, 652 (La. App. 2d Cir. 1986)). Under Louisiana law, a suspensive condition will be regarded "as 'fulfilled' when 'it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment.'" Bellwether Enter. Real Estate Capital v. Jaye, No. 19-10351, 2020 WL 3076661, at *10 (E.D. La. June 10, 2020) (quoting LA. CIV. CODE art. 1772).

"The Supreme Court of Louisiana has gone so far to as to say that 'contractual provisions are construed…not to be suspensive conditions whenever possible.' The party seeking the benefit of a suspensive condition has the burden to show that's how the contract must be read." Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C., 965 F. 3d 404, 411 (5th Cir. 2020) (italics omitted) (quoting S. States Masonry, Inc. v. J.A. Jones Const. Co., 507 So. 2d 198, 201 (La. 1987)).

**III. Overview of Motions.**

(a) Defendants' Motion for Summary Judgment (Record Document 90).

Defendants submit there are no genuine issues of material fact with respect to the following: (1) Count One – Stonewater cannot support its claim against Merryton for breach of the Stonewater Proposal. The Proposal is subject to Scottsdale's approval, a

6

suspensive condition which never occurred; (2) Count Three – The mediation agreement is unenforceable. It was never signed and does not obligate Merryton to do anything with Stonewater; and (3) Count Four – Stonewater cannot support the requisite elements of its fraud claim. See Record Document 90 at 1.

First, Defendants argue the Stonewater Proposal is subject to a suspensive condition which was never fulfilled. See Record Document 90-1 at 11, 13. Additionally, they assert that they did not prevent Scottsdale's approval of the Proposal. See id. at 14. Thus, since the suspensive condition was never fulfilled, Defendants contend the Proposal never ripened into a binding contract. See id. at 15. Second, Defendants claim the mediation agreement was never perfected because it was never signed or otherwise consented to by Merryton. See id. at 16. Moreover, Defendants argue they cannot be in breach because the mediation agreement does not bind them to do anything. See id.

Third, Defendants submit that Stonewater has failed to state a plausible fraud claim against them in its Fourth Amended Complaint and cannot meet its burden of proving these allegations. See id. at 21. Defendants claim there is no evidence of them inducing Stonewater to do anything or Merryton preventing Stonewater from negotiating with Scottsdale. See id. Furthermore, they contend that because they have established the suspensive condition was never fulfilled, the Stonewater Proposal never materialized into a binding and exigible contract. See id. at 22. Thus, Defendants submit that, as a matter of law, they cannot be liable for damages under a contractual fraud theory. See id.

In its opposition, Stonewater asserts that Defendants' Motion should be denied because it is fatally flawed for several reasons. See Record Document 95 at 5. First, Defendants claim rests upon the non-fulfillment of a suspensive condition that they never

7

pled as an affirmative defense in its Answer. See id. at 24. Second, their argument that there was no contract has no legal basis. See id. Third, the language of the Stonewater Proposal does not support Defendants' argument that there was a suspensive condition requiring Scottsdale to approve greater than $3.5 million before the Proposal was ripe. See id. Fourth, the law of contract interpretation contradicts this alleged suspensive condition. See id. Fifth, Defendants misrepresent the pleadings and testimony to make the facts fit their argument. See id. Finally, Defendants' Motion on the fraud allegations contains no credible evidence, and the evidence it does offer clearly shows that Defendants intended to use Stonewater's services to get insurance proceeds but never intended to allow Stonewater to perform or pay it. See id. at 24–25.

Defendants replied, reiterating there are no genuine issues of material fact relative to Stonewater's claim, and they are entitled to summary judgment as a matter of law for several reasons. See Record Document 98 at 1. First, the issue surrounding the fulfillment of the suspensive condition has already been decided by this Court. See id. Defendants cite to the Court's previous Memorandum Ruling (Record Document 43), claiming the Court interpreted the Stonewater Proposal as being subject to a suspensive condition. See id. at 2. Thus, Defendants assert they did not amend their Answer to assert this affirmative defense because the Court already decided on the issue. See id.

Second, Defendants contend that Stonewater cannot establish its breach of contract claim relative to the Stonewater Proposal. See id. at 5. They state that Stonewater has not set forth any evidence or a logical explanation showing that the Proposal was approved by Scottsdale; rather, Stonewater concludes the condition was met and Defendants are liable for breach of contract. See id. at 7.

Third, Defendants argue Stonewater cannot meet its burden of proving its fraud claim. See id. at 8. They claim there is no evidence that they executed the Stonewater Proposal with any fraudulent intent. See id. at 9. Moreover, Defendants assert that there is no evidence or other testimony to dispute Merryton's deposition testimony, and they do not bear the burden of disproving the fraud claim. See id. For these reasons, Defendants reiterate their Motion should be granted. See id. at 10.

(b) Stonewater's Motion for Summary Judgment (Record Document 92).

Stonewater argues a valid and enforceable contract with Merryton existed and resulted in breach. See Record Document 92 at 1. Stonewater claims Merryton breached the Stonewater Proposal by refusing to instruct Scottsdale to name Stonewater as a payee on the settlement proceeds as required by the Proposal the parties entered into in March 2021. See Record Document 92-1 at 4. As a result, Stonewater requests the Court to order specific performance as to this obligation and order Merryton to pay one- and one-half percent (1 ½%) per month (18% per annum) from January 21, 2022, the date Merryton rejected the provisions of the settlement until paid, together with all legal fees and other collection costs associated with this dispute pursuant to Article 14 of the Proposal's terms and conditions. See id.

Stonewater contends that no items in the Stonewater Proposal were conditioned upon Scottsdale's approval. See id. at 12. Moreover, Stonewater asserts that the presence of the party's signatures demonstrates everyone's consent to the terms of the Proposal. See id. at 11. Stonewater submits that the obligations within the terms of the Proposal are clear, unambiguous, and correspond with the intent of the parties, as well as the undisputed facts of the instant case. See id. at 14. While it does not dispute the

9

Stonewater Proposal is subject to a suspensive condition, Stonewater argues that Merryton's interpretation of the Proposal ignores its terms and conditions. See id. at 16. Stonewater asks the Court to grant its Motion, finding that Merryton breached its obligations under the terms of the Stonewater Proposal. See id. at 27.

Defendants oppose, arguing Stonewater's Motion should be denied for several reasons. See Record Document 96. First, the problem with the Stonewater Proposal is lack of fulfillment of a suspensive condition, not signatures. See id. at 2. Second, Stonewater cannot meet its burden of proof. See id. at 3. Defendants reiterate that the Stonewater Proposal never ripened into a binding contract because the suspensive condition was never fulfilled. See id. at 4. Defendants disagree with Stonewater's contention that certain obligations in the Proposal were exempt from the suspensive condition. See id. at 6. They submit there can be no breach because the Proposal never ripened into a binding contract; thus, Stonewater is not entitled to specific performance and damages. See id. at 7–8.

Stonewater replies, asserting that Defendants' opposition is based upon erroneous citations of law and improper interpretation of the Stonewater Proposal. See Record Document 99 at 2. Stonewater reiterates that a contract between the parties was formed through offer and acceptance; thus, it is no longer a proposal. See id. at 4. Additionally, unlike Defendants, Stonewater does not consider the Court's previous Memorandum Ruling as law of the case or an established fact. See id. at 8. Stonewater views the mediation agreement as undisputed evidence that the suspensive condition was approved. See id. at 9. Ultimately, Stonewater reiterates that there are no genuine issues

of material fact, and it is entitled to judgment as a matter of law on its breach of contract claim. See id. at 10.

**IV. Analysis.**

The Court will decide two issues on summary judgment; The first is whether Stonewater's breach of contract claim against Merryton survives summary judgment. The answer to this question will depend upon whether the Stonewater Proposal was subject to a suspensive condition. The second is whether Stonewater's fraud claim against Defendants survives summary judgment. Each of these issues will be discussed in turn. Defendants' Motion asserts an additional argument under Count Three of the Fourth Amended Complaint, dealing with the mediation agreement. As previously stated in this Court's recent Memorandum Ruling and Order, the Settlement Agreement is valid and enforceable. See Record Documents 104 & 105. Therefore, there are no genuine issues of material fact that the Settlement Agreement is valid and enforceable. Defendants' Motion, with respect to this issue, is **DENIED**.

(a) First Issue: Breach of Contract Claim against Merryton in Count One.

A disputed provision within the Stonewater Proposal reads as follows: "ACCEPTANCE OF PROPOSAL. The above prices, specifications and conditions are satisfactory and are hereby accepted. Upon insurance approval you authorize Stonewater Roofing, Ltd. Co. to do the work specified and payment will be as outlined above." See Record Document 92-5 at 57. Below the date of acceptance line are the words: "***CONTINGENT UPON INSURANCE APPROVAL***." See id. At the bottom of the page, the alleged contract also provides:

> You may cancel this contract in connection with the repair or replacement of a roof system at any time within seventy-two hours after you have been notified that your insurer has denied all or any part of your claim to pay for the goods and services to be provided under this contract.

See id. This notice of cancellation provision only applies to residential projects. See id. at 100. The instant case deals with a commercial project, not residential.

Defendants argue the aforementioned provisions constitute a suspensive condition that was never fulfilled because Scottsdale never gave its approval. See Record Document 90 at 1. Stonewater initially asserts that the Proposal does not contain a suspensive condition, however, it later contends the suspensive condition was fulfilled. See Record Document 95 at 8, 11, 13, 20; see also Record Document 92-1 at 16–17, 21. In a previous Memorandum Ruling, this Court noted that Stonewater did not dispute the Proposal being subject to a suspensive condition; rather, Stonewater argued the condition had been fulfilled. See Record Document 43 at 4. Therefore, the Court interpreted the Stonewater Proposal as being subject to a suspensive condition: the approval of Scottsdale. See id. at 5.

The Court upholds its prior ruling that the Stonewater Proposal is subject to a suspensive condition: the approval of Scottsdale. Stonewater has not presented additional evidence demonstrating there are no genuine issues of material fact that the Proposal is not subject to a suspensive condition. In fact, Stonewater states that it does not dispute that the Proposal is subject to a suspensive condition. See Record Document 92-1 at 16.

Additionally, Chiao, Merryton's corporate representative, testified that she believed the entire Stonewater Proposal was contingent on Scottsdale's approval. See Record

12

Document 90-2 at 1, 93–94, 98–99, 147–48, 161–62. Roland Browne ("Browne"), founder, creator, and corporate representative of Stonewater, also provided deposition testimony that the Stonewater Proposal and contract price is not binding until Scottsdale approves it. See Record Document 90-3 at 1, 10, 62, 69, 77. Therefore, the language of the Stonewater Proposal, in combination with deposition testimony, supports the Court's finding that there are no genuine issues of material fact as to whether the Stonewater Proposal is subject to a suspensive condition. Defendants' Motion is **GRANTED** with respect to the existence of a suspensive condition. Inasmuch as Stonewater's Motion opposes this finding, it is **DENIED** with respect to the existence of a suspensive condition.

Since the Court has determined the Stonewater Proposal is subject to a suspensive condition, the next question is whether the condition has been fulfilled. Defendants argue the suspensive condition was never fulfilled because Scottsdale never gave its approval; therefore, the Stonewater Proposal never became a binding contract. See Record Document 90-1 at 15. In its opposition, Stonewater first argues the Proposal is not subject to a suspensive condition. See Record Document 95 at 2. However, Stonewater later contends the suspensive condition was fulfilled. See id. Stonewater does not argue that Merryton prevented the suspensive condition from being fulfilled. See id. In its Motion, Stonewater asserts that the Proposal became a binding contract because the suspensive condition only applied to some provisions of the contract, such as payment. See Record Document 92-1 at 16–17. The Court finds these assertions by Stonewater contradictory.

In her deposition, Chiao testified that the Stonewater Proposal would not come into effect unless Scottsdale approved awarding an amount greater than $3.5 million. See

13

Record Document 90-2 at 78. Chiao confirmed Scottsdale has not approved the payment amount within the appropriate time frame. See id. at 86, 121. However, she later testified that the Stonewater Proposal, in its entirety, is contingent on Scottsdale's approval, not just the payment amount of $3.5 million. See id. at 148. She reiterated that she is unaware of any approval by Scottsdale; thus, the Proposal is invalid because the suspensive condition has not been fulfilled within the appropriate time frame. See id. at 153, 166–68.

In Browne's deposition, he testified that the $3.5 million amount is merely a placeholder and is subject to change. See Record Document 90-3 at 79. Browne was asked: "So is the contingent upon insurance approval provision of this agreement the contract price is contingent on insurance approval or Stonewater doing the work is contingent upon insurance approval? What has to be approved by the insurance company? See id. He responded saying: "The scope of the work with just a number derived with it, again, by way of the appraisal process. That was done at—when you're dealing with a typical rational policyholder, they typically get said money from that process, give it to you, you then do work." See id. He confirmed Scottsdale's approval is required upon receiving the Appraisal Award; however, he stated that re-approval of the scope of the work is not required because that has already been obtained. See id. at 116–17.

The summary judgment record also contains an email from Jacquline Berger ("Berger"), a Claim Specialist III with Scottsdale, to Chiao. See Record Document 92-6. The email discusses the appraisal procedure and award. See id. Berger explained that Scottsdale "reserves the right to review any additional claims or amendments to this claim and to make a separate determination as to whether a new claim or amendment to this

14

claim is covered by the policy." See id. at 61. The Court finds that this email supports Defendants' argument that the entire Stonewater Proposal was subject to the suspensive condition, including the appraisal.

Even so, the Court finds there are genuine issues of material fact as to which provisions of the Proposal the suspensive condition applies to. Additionally, there are genuine issues of material fact as to whether the suspensive condition has been fulfilled. Chiao's testimony demonstrates Merryton's belief that the suspensive condition applied to the entire Stonewater Proposal. However, her testimony mainly discusses the suspensive condition, as it relates to the payment amount, which supports Stonewater's argument that the condition only applies to certain provisions of the Proposal, such as payment.

Browne's testimony confirms the existence of the suspensive condition but focuses on how the condition relates to the appraisal process. In both sets of deposition testimony, there is contradictory and confusing language making it difficult for the Court to determine certain issues at the summary judgment stage. The Court cannot evaluate credibility at this stage of the proceeding, and these issues should be left to a jury. Thus, with respect to the applicability and fulfillment of the suspensive condition, both Defendants' Motion and Stonewater's Motion are **DENIED**. Stonewater's breach of contract claim against Merryton will proceed to trial.

### (b) Second Issue: Fraud Claim against Defendants in Count Four.

In their Motion, Defendants submit there are no genuine issues of material fact that Stonewater cannot support the requisite elements of its fraud claim. See Record

Document 90 at 1. In a recent Memorandum Ruling, this Court denied Defendants' motion to dismiss Stonewater's fraud claim. See Record Document 102. The Court found that Stonewater's fraud claim is best characterized as fraudulent inducement, which has the same elements as a basic fraud claim. See id. at 5. The Fifth Circuit has explained that:

> [G]enerally, there is no inference of fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed. However, where substantial nonperformance is coupled with other probative factors, such as where only a short time elapses between the making of the promise and the refusal to perform it, and there is no change in the circumstances, an intent not to perform when the promise was made may, in appropriate circumstances, be properly inferred.

U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F. 3d 375, 386 (5th Cir. 2003) (cleaned up).

From the summary judgment record, it is evident that Stonewater approached Merryton first. See Record Document 90-2 at 31–32; see also Record Document 90-3 at 17, 21. According to deposition testimony, the estimated payment amount in the Proposal was $3.5 million. See Record Document 90-2 at 80; see also Record Document 90-3 at 76–77. Chaio knew Scottsdale's insurance policy limit was $3 million, which is below the estimated $3.5 million payment amount. See id. at 81. However, she testified that Stonewater was assisting Merryton in its negotiations with Scottsdale to increase the amount it previously provided. See id. at 79. She claimed Merryton understood that part of the Proposal would be to increase the insurance amount. See id. at 33–34. Despite this knowledge and understanding, she was unaware of instances where insurance companies have paid over their limits. See id.

In response to Stonewater's allegation that Defendants used payment in a fraudulent manner, Chiao testified that the money Merryton received from Scottsdale in November 2020, which ranged from $11,000 to $13,000, was deposited into its account. See id. at 74, 150. She claimed Merryton used this money for repairs on their sign; however, she did not recall whether Merryton used any of this money to pay back-taxes, which is one of the allegations in the Fourth Amendment Complaint. See id. at 74–75; see also Record Document 64 at ¶ 44, 46. Chiao testified that she has an invoice from the sign company proving some of the money was used on repairs, but she did not have a copy of the invoice with her at the deposition. See id. at 75–76.

Browne testified that Merryton has not made any payments to Stonewater, even after work commenced. See Record Document 90-3 at 63–64, 74. The summary judgment record shows a series of six messages in which a representative from Stonewater provides a secure link to Chiao to send payment. See Record Document 92-7 at 32–33. Chiao did not respond or send payment. See id.

After a review of the summary judgment record, the Court finds there are genuine issues of material fact on whether Stonewater has a viable fraudulent inducement claim against Defendants. This issue is further complicated by the fact that the Court finds genuine issues of material fact on Stonewater's breach of contract claim against Merryton. If a jury finds that Merryton owes no contractual obligations to Stonewater, that may likewise impact the jury's consideration of the fraudulent inducement claim. The Court will not decide these issues at the summary judgment stage; thus, Stonewater's fraud claim against Defendants shall proceed to trial. Defendants' Motion, with respect to the fraud claim, is **DENIED**.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Record Document 90) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** with respect to the issue of whether the Stonewater Proposal is subject to a suspensive condition. There are no genuine issues of material fact that the Proposal is subject to a suspensive condition. However, the Motion is **DENIED** with respect to which provisions of the Proposal the condition applies and whether it has been fulfilled. There remain genuine issues of material fact as to those questions. Thus, Stonewater's breach of contract claim against Merryton will proceed to trial. The Motion is also **DENIED** on the issue of whether the mediation agreement is valid and enforceable, as the Court has already ruled on this issue. Furthermore, the Motion is **DENIED** with respect to Stonewater's fraud claim because there are genuine issues of material fact as to whether Stonewater has a viable fraud claim against Defendants. Thus, Stonewater's fraud claim against Defendants will proceed to trial.

**IT IS FURTHER ORDERED** that Stonewater's Motion for Summary Judgment (Record Document 92) is **DENIED**. As previously stated, the Court finds there are no genuine issues of material fact that the Proposal is subject to a suspensive condition. There remain genuine issues of material fact as to which provisions of the Proposal the condition applies and whether it has been fulfilled. Thus, Stonewater's breach of contract claim against Merryton will proceed to trial.

An Order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 14th day of February, 2025.

_____

UNITED STATES DISTRICT COURT JUDGE