# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| STONEWATER ROOFING LTD CO LLC | CIVIL ACTION NO. 22-1048 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MERRYTON BOSSIER LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two motions. First, Defendants Merryton Bossier LLC ("Merryton"), Grace Chiao, and Hui Ping Li, also known as James Lee Monkhouse, (collectively, "Defendants"), filed a Motion for Limited Reconsideration. See Record Document 118. Scottsdale Insurance Company ("Scottsdale") opposed. See Record Document 122. Plaintiff Stonewater Roofing, Ltd. Company, LLC ("Stonewater") also opposed. See Record Document 123. Defendants replied. See Record Document 125. Second, Scottsdale filed a Motion to Establish the Amount of Attorney's Fees. See Record Document 111. Defendants opposed. See Record Document 120. Scottsdale replied. See Record Document 121.

For the reasons stated below, Defendants' Motion for Limited Reconsideration (Record Document 118) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to whether the Court will reconsider its previous Memorandum Ruling and Order (Record Documents 104 & 105). The Motion is **DENIED** as to whether Defendants are completely absolved from paying any of Scottsdale's attorney's fees and costs. Both Defendants and Stonewater are **ORDERED** to pay Scottsdale's attorney's fees and costs.

Scottsdale's Motion to Establish the Amount of Attorney's Fees (Record Document 111) is **GRANTED**; however, the total fee amount is reduced to $6,062.00. Defendants and Stonewater are **ORDERED** to pay the $6,062.00 amount to Scottsdale within 14 days of this Order. Scottsdale may seek additional amounts in connection with any post-judgment enforcement proceedings, should they become necessary.

## BACKGROUND

The facts of the instant case are detailed and complex; therefore, only a brief discussion of the pertinent facts is warranted. A more detailed recitation of the facts can be found in the Court's previous Memorandum Rulings. See Record Documents 102, 104, & 106. On February 14, 2025, this Court granted Scottsdale's Motion to Enforce the Settlement Agreement and Motion to Deposit Funds into the Registry of the Court. See Record Documents 104 & 105. Additionally, the Court dismissed all claims against Scottsdale with prejudice and ordered Defendants to pay the reasonable attorney's fees and costs Scottsdale had incurred. See id. The instant Motions ensued.

## LAW AND ANALYSIS

**I. Legal Standards.**

(a) Motion for Reconsideration.

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration, district courts generally consider such motions under Rule 60(b) or Rule 59(e). See Miller Pharmacy Servs., L.L.C. v. AmerisourceBergen Drug Corp., No. 21-00207, 2021 WL 2627452, at *3 (W.D. La. 2021). Because Defendants in the instant case have moved to reconsider an interlocutory order, their Motion for Limited

2

Reconsideration is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. See id. Under this rule, any order or decision that adjudicates fewer than all the claims may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. See FED. R. CIV. P. 54(b).

While the district court enjoys broad discretion in deciding a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts largely consider factors that inform the Rule 59 and Rule 60 analysis. See Miller, 2021 WL 2627452, *2; see also McClung v. Gautreaux, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). The district court weighs whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." Miller, 2021 WL 2627452, at *3. Pursuant to Rule 54(b), a district court has the power to reconsider an interlocutory order "for cause seen by it to be sufficient." Id. Yet a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the order. See Templet v. HydroChem Inc., 367 F. 3d 473, 478-79 (5th Cir. 2004). Reconsideration is "an extraordinary remedy that should be used sparingly." Jackson v. Standard Mortg. Corp., No. 18-00927, 2020 WL 133550, at *2 (W.D. La. Jan. 10, 2020).

(b) Motion to Establish the Amount of Attorney's Fees.

"The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation." Allegiant Partners, Inc. v. Jackson Carrier Servs., No. 24-1110, 2024 WL 5330086, at *1 (E.D. La. Dec. 19, 2024) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Associated

3

Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd., 919 F. 2d 374, 379 (5th Cir. 1990)). "A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, i.e., it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous." Id. "[T]he Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit." Id. at *2.

"In assessing the reasonableness of attorneys' fees, the Court must first determine the 'lodestar' by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney." Id. "The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve Johnson factors." Id. "The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the party seeking modification of the lodestar under the Johnson factors bears the burden." Id.

"After calculating the lodestar, the court may make an upward or downward adjustment if warranted by the Johnson factors." Id. at *5. The Johnson factors are the following:

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

Id. "[T]he lodestar should be modified only in exceptional cases." Id. "'[T]o the extent that any Johnson factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.'" Id. (quoting Migis v. Pearle Vision, Inc., 135 F. 2d 1041, 1047 (5th Cir. 1988)).

**II. Summary of the Arguments.**

    (a) Motion for Limited Reconsideration (Record Document 118).

Defendants request that this Court reconsider its February 14, 2025 Memorandum Ruling and Order, but only with respect to the award of attorney's fees and costs. See Record Document 118 at 1. Defendants submit there is no legal basis for any award of attorney's fees and costs, and Scottsdale initially prayed for relief only against Stonewater. See id. Defendants contend they should not be taxed with paying Scottsdale's attorney's fees and costs for two reasons. See Record Document 118-1 at 3. First, Scottsdale's Motions to Enforce the Settlement Agreement and Deposit Funds requested that its attorney's fees and costs be paid by Stonewater, not Defendants. See id. Defendants assert that these motions were confusing on the issue of who is responsible for paying Scottsdale's attorney's fees and costs. See id. Second, there is no basis to award Scottsdale attorney's fees and costs. See id. Defendants argue Scottsdale did not identify any statute or contractual provision that would entitle it to recover attorney's fees and costs. See id.

Scottsdale opposes, asserting that it was forced to file its Motions to Enforce the Settlement Agreement and Deposit Funds due to Defendants' improper actions in this lawsuit. See Record Document 122 at 1. Scottsdale contends that Defendants' confusion

argument is groundless, and they have failed to supply the appropriate standard for reconsideration. See id. at 2–3. First, Scottsdale submits that Defendants have not identified any new evidence or an intervening change in controlling law, nor have they advanced any argument as to why reconsideration is required to prevent manifest injustice. See id. Scottsdale advances that Defendants have not identified any manifest errors of law or fact upon which the Court's Order was based. See id.

Scottsdale asserts that it properly sought fees from Defendants, its pleadings were sufficiently clear, and any ambiguity was reasonably interpreted by the Court to justify awarding fees against Defendants. See id. at 4. It submits that the Court properly exercised its inherent authority to award attorney's fees. See id. at 5. Scottsdale advances that the award of attorney's fees is also supported by 28 U.S.C. § 1927. See id. at 6.

Stonewater also opposes, arguing that the Court properly ordered Defendants to pay Scottsdale attorney's fees and costs. See Record Document 123 at 4. Stonewater contends that Merryton refused to execute the Settlement Agreement as written, which necessitated Scottsdale filing its Motions to Enforce the Settlement Agreement and Deposit Funds. See id. Additionally, Stonewater asserts that both Rule 54(d) and the executed Settlement Agreement permit the Court to order Defendants to pay Scottsdale attorney's fees and costs in connection with these motions. See id. at 5–6. Moreover, it argues that Defendants failed to oppose Scottsdale's request for attorney's fees and costs, and their Motion for Limited Reconsideration is not the proper vehicle for rehashing arguments that could have been offered or raised before the entry of the Court's Order. See id. at 7.

Defendants reply, reiterating that there is no legal basis for imposing fees against them. See Record Document 125 at 1. Defendants argue that Scottsdale and Stonewater are trying to rewrite history because Stonewater "instigated everything." See id. at 2. They contend they never opposed releasing and dismissing Scottsdale; rather, they simply disagreed about certain terms in the Settlement Agreement that were immaterial to Scottsdale's release concerning their relationship with Stonewater. See id. at 3. Additionally, Defendants assert that 28 U.S.C. § 1927 does not permit sanctions against them, and Scottsdale has not come close to meeting its burden. See id. at 4. They submit that Stonewater is the "moving force" behind this litigation. See id. at 5. Furthermore, Defendants argue there is no basis for invoking the Court's inherent sanction authority because there is no evidence, argument, or suggestion that Defendants committed fraud or defiled this Court. See id.

### (b) Motion to Establish Amount of Attorney's Fees (Record Document 111).

Scottsdale moves this Court for an award of attorney's fees in accordance with its February 14, 2025 Order which granted Scottsdale's Motion to Enforce the Settlement Agreement and Motion to Deposit Funds into the Registry of the Court and ordered Defendants to pay the reasonable attorney's fees and costs incurred by Scottsdale. See Record Document 111 at 1. Scottsdale seeks an award of $6,720.00 in attorney's fees and costs and attaches the declaration of Phelps Dunbar Partner Jay Russell Sever ("Sever"), which it claims establishes the reasonableness of the requested fees under applicable law. See id.

Scottsdale seeks reimbursement for 25.60 hours of legal work performed in connection with its Motions to Enforce the Settlement Agreement and Deposit Funds. See

7

Record Document 111-1 at 2. A breakdown of the time expended and work performed is provided in Sever's declaration. See id.; see also Exhibit 1. Scottsdale argues these services were necessary to ensure enforcement of the settlement agreement and compliance with the obligations agreed upon by the parties. See Record Document 111-1 at 3. It contends the time incurred was reasonable given the contested nature of the proceedings, the legal research required, and the necessity of responding to Defendants' arguments. See id. In addition to an award of $6,720.00 in attorney's fees, Scottsdale requests that the Court reserve its right to seek additional amounts in connection with any post-judgment enforcement proceedings, should they become necessary. See id.

Defendants oppose, asserting that Scottsdale is not entitled to recover any attorney's fees and incorporate briefing from their Motion for Limited Reconsideration. See Record Document 120 at 1. Should the Court deny their Motion for Limited Reconsideration, Defendants submit that the amount requested by Scottsdale is unreasonable and attributable to Stonewater. See id. Defendants also contend the number of hours expended by Scottsdale's counsel is excessive. See id. at 2. They argue that the requested fees only relate to Scottsdale's Motions to Enforce the Settlement Agreement and Deposit Funds, which were accompanied by an 11-page supporting memorandum and 10-page reply. See id. Thus, Defendants submit that Scottsdale is seeking fees for 1.2 hours/page of briefing, which is excessive and unreasonable given the limited briefing filed by Scottsdale. See id.

Additionally, Defendants argue they should not be taxed with fees incurred as a result of Stonewater's actions. See id. They assert that Stonewater is solely to blame for Scottsdale's Motions to Enforce the Settlement Agreement and Deposit Funds, and thus,

8

it is unreasonable for Defendants to be assessed with the entirety of Scottsdale's fees stemming therefrom. See id. at 4.

Scottsdale replies, reasserting that the claimed hours are reasonable for the work performed, and Defendants have not provided any substantive challenge to the reasonableness of the hours billed by Scottsdale's counsel. See Record Document 121 at 1. Scottsdale argues Defendants' attempt to assess reasonableness by dividing hours by page count is fundamentally flawed because it disregards the necessary legal research, analysis, and preparation underlying the final written product. See id. Moreover, Scottsdale submits that the final page count of a brief only reflects the distilled end product of a much more extensive legal process. See id. at 1–2.

Scottsdale contends that the Court has already determined that Defendants must pay its attorney's fees and costs. See id. at 2. It advances that Defendants' argument that the fee claim should be reduced because they did not meaningfully oppose Scottsdale's motions is irrelevant. See id. Scottsdale asserts that Defendants' refusal to sign the release agreement following mediation required Scottsdale to prepare and file the Motions to Enforce the Settlement Agreement and Deposit Funds. See id. While Stonewater's conduct may have complicated these proceedings, Scottsdale argues it does not absolve Defendants of their responsibility to pay the reasonable attorney's fees and costs awarded by the Court. See id.

**III. Analysis.**

    (a) Motion for Limited Reconsideration (Record Document 118).

After analyzing the parties' arguments and previous briefing on Scottsdale's Motion to Enforce the Settlement Agreement and Motion to Deposit Settlement Funds into the Registry of the Court (Record Documents 78, 80, 81, & 84), the Court will reconsider its February 14, 2025 Memorandum Ruling and Order (Record Documents 104 & 105), but only with respect to the award of attorney's fees and costs. The Court finds there is sufficient cause to reconsider its previous Memorandum Ruling and Order. See Miller, 2021 WL 2627452, at *3.

In Scottsdale's Motions to Enforce the Settlement Agreement and Deposit Funds, it provided that Defendants and Stonewater "have not fulfilled their obligations under the settlement agreement entered into between Scottsdale, Stonewater and Merryton on or about December 29, 2021…." See Record Document 78 at 1. These motions requested that "Stonewater pay the attorney fees and costs Scottsdale has been forced to incur in enforcing the terms of the Settlement Agreement." See id. at 2. Scottsdale's supporting memorandum asserted that Defendants and Stonewater "have not fulfilled their obligations under the Settlement Agreement by signing a Release or by providing payee information such that Scottsdale may issue the Settlement Funds." See Record Document 78-1 at 1. Scottsdale's supporting memorandum also asked the Court to issue an order dismissing it from the instant case upon its deposit of the Settlement Funds, "at [Stonewater's] cost." See id. at 1–2, 5. Its supporting memorandum concluded with requesting "that the Court order Stonewater [and Defendants] to pay the attorney fees and costs Scottsdale has been forced to incur in enforcing the terms of the Settlement

10

Agreement." See id. at 11. Scottsdale's proposed order did not mention attorney's fees and costs. See Record Document 78-8.

Scottsdale's reply in response to its Motions to Enforce the Settlement Agreement and Deposit Funds provided that "[t]he Motion was necessary because Merryton and Stonewater refuse to meet their obligations under the Settlement Agreement." See Record Document 84 at 1. Additionally, Scottsdale's reply asserted that it "has been unable to perform its obligation under the Settlement Agreement because Merryton and Stonewater have: (1) been unable to settle on the terms of a release; and (2) have failed to provide Scottsdale with the proper payee information for distribution of the Settlement Funds." See id. at 7. Scottsdale concluded by requesting "that the Court order Stonewater [and Defendants] to pay the attorney fees and costs Scottsdale has been forced to incur in enforcing the terms of the Settlement Agreement." See id. at 9.

After reviewing the briefing for Scottsdale's previous motions, the Court finds that the attorney's fees and costs incurred by Scottsdale should be paid by both Defendants and Stonewater. Scottsdale continuously explained how both Defendants' and Stonewater's actions contributed to the filing of its motions, supporting memorandum, and reply. While Sever's declaration states that the attorney's fees sought are in response to "[d]rafting a Reply Memorandum responding to opposition arguments by defendants," Stonewater also filed an opposition to Scottsdale's motions. Furthermore, the breakdown of Phelps Dunbar's rendered services includes time dedicated to analyzing both Stonewater's and Defendants' oppositions to Scottsdale's motions to enforce and deposit. See Exhibit 1 at 6–7. Thus, the Court finds that legal services were performed in response to both Defendants' and Stonewater's actions.

11

Therefore, Defendants' Motion for Limited Reconsideration (Record Document 118) is **GRANTED IN PART AND DENIED IN PART**. Their Motion is **GRANTED** as to whether the Court will reconsider its previous Memorandum Ruling and Order (Record Documents 104 & 105). Their Motion is **DENIED** with respect to whether Defendants can be completely absolved from paying any of Scottsdale's attorney's fees and costs. The Court finds that Scottsdale's attorney's fees and costs shall be paid by both Defendants and Stonewater.

(b) Motion to Establish the Amount of Attorney's Fees (Record Document 111).

The Court will now determine whether Scottsdale's requested attorney's fees and costs are reasonable. First, the Court will calculate the lodestar "by 'multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers.'" McZeal v. MidSouth Nat'l Bank N.A., No. 15-02315, 2017 WL 2951871, at *2 (W.D. La. July 10, 2017). "Reasonable hourly rates are calculated based on 'the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" Id. (quoting Tasch, Inc. v. Unified Staffing & Assocs., Inc., No. 02-3531, 2004 WL 1857640, at *3 (E.D. La. Aug. 18, 2004) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984))). The relevant community for the instant case is the Western District of Louisiana because it is the community "in which the district court sits even if the attorneys complete the work outside of that community or if market rates are lower in the court's community." Id.

Scottsdale "bears the burden of establishing the reasonableness of the rate, which may be accompanied through an affidavit of the attorney performing the work and information of rates actually billed and paid in similar suits." Lee v. Boyd Racing L.L.C.,

No. 22-00174, 2025 WL 913462, at *1 (W.D. La. Mar. 25, 2025). Defendants do not specifically contest the hourly rates submitted by Scottsdale; rather, they argue the amount requested is excessive, unreasonable, and attributable to Stonewater. See Record Document 120 at 1–2. The Fifth Circuit has held that "[i]f the rate is unopposed, then it is prima facie reasonable." Id. (italics omitted).

In Sever's declaration, he provides a chart that breaks down each associate and paralegal who "performed work in connection with enforcing the settlement agreement, drafting motions, conducting legal research, and responding to opposition arguments, with their respective hours billed and total fees incurred[.]" See Exhibit 1 at 1. Associate T. Peyton billed 8.50 hours at an hourly rate of $260.00 which resulted in $2,210.00 of total fees. See id. at 2. Associate M. Morgan billed 13.40 hours at an hourly rate of $240.00 which resulted in $3,216.00 of total fees. See id. Paralegal A. Additon billed 4.40 hours at an hourly rate of $240.00 which resulted in $1,056.00 in total fees. See id. Paralegal M. Hurtado Jr. billed 0.90 hours at an hourly rate of $120.00 which resulted in $108.00 of total fees. See id. When multiplying the hours billed by the hourly rates for each associate and paralegal to get the lodestar, the total fee amounts for each person align.

In his declaration, Sever states that "[t]he fees incurred are consistent with prevailing rates for similar legal services in the Western District of Louisiana." See id. at 3. Additionally, he claims that "[t]he time and effort expended by [his] firm were reasonable and necessary in light of the contested nature of the proceedings and the need to secure compliance with the settlement agreement." See id. Based on the Court's initial calculations of the lodestar for each person and Sever's statements in his declaration, the

Court will presume the lodestars are reasonable. Even so, the Court can increase or decrease the lodestars based on the Johnson factors.

The Court finds that the rates for T. Peyton, M. Morgan, and M. Hurtado, Jr. match similarly situated associates and paralegals in the Western District of Louisiana. However, the Court declares that the hourly rate for A. Additon is excessive for three reasons. First, this rate matches the hourly rate for M. Morgan, an associate. Second, the Court has not been provided with any further details distinguishing A. Additon from M. Hurtado, Jr, the other paralegal. Third, Exhibit 1 shows that the current hourly rate for A. Additon is $120.00, not $240.00. See Exhibit 1 at 8, 14. Thus, it is more appropriate for A. Additon's rate to match the rate for M. Hurtado, Jr. Given this reduction in A. Additon's hourly rate, the lodestar for A. Additon decreases to $528.00, and the total fee amount decreases to $6,062.00.

The Court also finds two discrepancies in the total hours and total fees calculated in Sever's declaration. When adding up the total number of hours billed for each associate and paralegal, the total equals 27.20 instead of 25.60. Additionally, when adding up the total fees for each associate and paralegal, the total equals $6,590.00 instead of $6,720.00. The Court is mainly concerned with the total amount of fees because the Court's calculations yield a lower amount. Given the decreased lodestar for A. Additon and the discrepancy in the total fee amount, the Court will reduce the total fees to $6,062.00. The Court finds this amount is reasonable with respect to Scottsdale's Motion to Enforce the Settlement Agreement and Motion to Deposit Funds into the Registry of the Court. Both Stonewater and Defendants are responsible for the $6,062.00 amount in attorney's fees and costs.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Limited Reconsideration (Record Document 118) is **GRANTED IN PART AND DENIED IN PART**. Their Motion is **GRANTED** as to whether the Court will narrowly reconsider its previous Memorandum Ruling and Order (Record Documents 104 & 105). Both Stonewater and Defendants are responsible for paying Scottsdale's attorney's fees and costs in relation to its Motion to Enforce the Settlement Agreement, Motion to Deposit Funds into the Registry of the Court, and related briefing. Defendants' Motion is **DENIED** with respect to whether Defendants are completely absolved of paying any of Scottsdale's attorney's fees and costs. Both Defendants and Stonewater are assessed Scottsdale's attorney's fees and costs.

**IT IS FURTHER ORDERED** that Scottsdale's Motion to Establish Attorney's Fees (Record Document 111) is **GRANTED**; however, the total fee amount is reduced to $6,062.00. Both Defendants and Stonewater are **ORDERED** to pay this $6,062.00 amount within 14 days of this Order. Scottsdale may seek additional amounts in connection with any post-judgment enforcement proceedings, should they become necessary.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 25th day of April, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE