UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STONEWATER ROOFING LTD CO LLC | CIVIL ACTION NO. 22-1048 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MERRYTON BOSSIER LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Disbursement of Funds from the Registry of the Court filed by Preston Dugas Law Firm ("PJD Law Firm"). See Record Document 136. Plaintiff Stonewater Roofing, Ltd. Company, LLC ("Stonewater") opposed. See Record Document 139. PJD Law Firm replied. See Record Document 141. For the reasons set forth below, PJD Law Firm's Motion (Record Document 136) is **DENIED WITHOUT PREJUDICE** as premature.[1]

**BACKGROUND**

A full recitation of the facts can be found in the Court's previous Memorandum Rulings. See Record Documents 104 & 106. The Court will only discuss the facts pertinent to the instant Motion. Defendant Merryton Bossier LLC ("Merryton") retained PJD Law Firm in November of 2020. See Record Document 136-1 at 1. PJD Law Firm represented Merryton throughout its insurance claims, including mediation, pursuant to a contingency

---

[1] The Court notes that PJD Law Firm first filed its motion for disbursement on June 13, 2025 in Record Document 134; however this motion was not in accordance with the Local Rules. Thus, PJD Law Firm subsequently amended its motion and filed second motion for disbursement on June 24, 2025 in Record Document 136. This motion complied with the Local Rules. As the Court has now resolved the proper motion in Record Document 136, the Clerk of Court is ordered to administratively terminate the motion in Record Document 134.

fee agreement signed by Merryton and PJD Law Firm on November 30, 2020. See id. at 1–2. At mediation, all parties agreed to settle for $1,500,000 ("$1.5 million"). See id. On February 14, 2025, the Court granted Scottsdale leave to deposit the $1.5 million settlement proceeds into the registry of the Court. See id.

Now that the settlement funds have been deposited in the Court's registry, PJD Law Firm claims that Merryton seeks disbursement of funds from the registry of the Court for satisfaction of attorney's lien on said funds pursuant to La. R.S. § 37:218. See id. at 3. Specifically, PJD Law Firm asserts that Merryton seeks disbursement in the amount of $185,679.16, plus accrued interest for this amount, pursuant to the contingency fee agreement between Merryton and PJD Law Firm. See id.

## LAW AND ANALYSIS

**I. Legal Standard.**

Louisiana Revised Statutes § 37:218 explains an attorney's superior lien, which PJD Law Firm claims it has such an interest. The statute reads as follows:

> A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the

> suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
>
> B. The term "fee," as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

LA. REV. STAT. § 37:218.

**II. Summary of the Arguments.**

PJD Law Firm argues that under La. R.S. § 37:218, it has a superior lien on the deposited funds entitling it to disbursement of earned interest. See Record Document 136-1 at 3. It contends that it would be "patently unfair" to deny its earned interest in the settlement proceeds. See id. at 4. Additionally, PJD Law Firm avers it would go against the Louisiana legislature's intent to prohibit its recovery of earned interest because the firm was "directly" responsible in securing the settlement proceeds. See id.

PJD Law Firm asserts that the amount of its earned interest is $185,679.16 based on the agreed contingency fee, settlement amount obtained for Merryton, and expenses incurred. See id. at 5. It explains that the applicable contingency fee agreed to is ten percent because Merryton's insurance claims were resolved without filing suit against Scottsdale. See id. Ten percent of $1.5 million results in an alleged earned interest of $150,000.00. See id. Moreover, PJD Law Firm argues it is entitled to also recover the expenses it incurred during its representation of Merryton. See id. To date, it alleges incurred expenses equal $35,679.16 and are directly attributable to Merryton's insurance claims. See id. at 5–6. PJD Law Firm breaks down the expense calculation as follows:

$2,096.87 for mediation; $33,507.16 for payment of services to Merryton's appraiser; and $74.54 in postage expenses. See id. at 6.

The Court points out that PJD Law Firm's supporting memorandum and attached exhibits are inconsistent in the amounts sought. For example, paragraph 27 on page six of its memorandum states that the total amount equals $185,671.16. See id. However, paragraph 28 on that same page lists the total amount as $185,679.16. See id. Additionally, Exhibit B lists $33,507.75 as the expense attributable for payment of services to Merryton's appraiser. See Record Document 136-3 at 2. This expense amount is inconsistent with the amount listed in PJD Law Firm's supporting memorandum and Preston J. Dugas III's ("Mr. Dugas") unsworn declaration. See Record Document 136-1 at 6; see also Record Document 136-4 at 4. Its supporting memorandum, expense breakdown, unsworn declaration, and proposed order are all inconsistent with one another. While the ultimate total does not result in a major difference, it is important that accurate numbers and calculations are used when seeking disbursement of funds from the Court's registry.

Stonewater opposes, first asserting that PJD Law Firm is not entitled to recover these expenses because the entitlement of the settlement proceeds has not been determined. See Record Document 139 at 2. Stonewater does not dispute the fact that PJD Law Firm represented Merryton and assisted at mediation; however, it disputes the assertion that PJD Law Firm is entitled to any portion of the funds deposited into the registry of the Court. See id. at 3. Stonewater advances that the instant Motion is premature because it seeks the disbursement of funds before the determination of entitlement has been made. See id. at 4. Thus, it submits that PJD Law Firm has no right

to these funds until this matter has been fully litigated and the entitlement of funds has been determined. See id.

Second, Stonewater avers that PJD Law Firm is not entitled to any portion of the funds under the plain language of the contingency fee agreement. See id. Stonewater points out that the agreement attached in Exhibit A states that PJD Law Firm's client was "Bossier Inn," not Merryton. See id. Therefore, despite PJD Law Firm's claim that it had an agreement with Merryton, Stonewater contends that the agreement relied upon was actually with Bossier Inn, which is not a party to this litigation. See id. Moreover, Stonewater advances that the contingency fee agreement provides that the attorney shall receive a ten percent interest obtained "as a result of resolving Client's Claims prior to filing a lawsuit." See id. Stonewater submits that PJD Law Firm did not resolve Merryton's claim prior when the instant suit was filed on April 20, 2022. See id. Thus, Stonewater argues that PJD Law Firm failed to resolve Merryton's claim prior to terminating its representation. See id. It is Stonewater's position that at no point during PJD Law Firm's representation was the settlement agreement between Merryton, Stonewater, and Scottsdale finalized or perfected, nor was the dispute between Merryton and Stonewater over the entitlement to settlement funds resolved. See id. at 5.

Third, Stonewater asserts that the instant Motion is procedurally improper under Federal Rule 24. See id. Stonewater avers that even though PJD Law Firm is not a party to this litigation, it failed to file a motion to intervene in this litigation based on its purported interest earned pursuant to its contingency fee agreement with Merryton. See id. at 6. Fourth, even if PJD Law Firm is entitled to a portion of the settlement funds, Stonewater maintains that the contingency fee agreement is not reasonable. See id. It argues the

5

mere existence of a contingency fee contract does not necessarily render its fees reasonable under Louisiana Rule of Professional Conduct 1.5. See id. Stonewater contends that PJD Law Firm attempts to be compensated by a settlement agreement perfected by a court order years after its representation of Merryton. See id. Ultimately, Stonewater asks the Court to deny the instant Motion and order PJD Law Firm to pay the reasonable attorney's fees and costs it incurred in connection with this Motion. See id. at 7.

PJD Law Firm replies, first reiterating that it has a superior lien to the settlement proceeds under La. R.S. § 37:218. See Record Document 141 at 1. PJD Law Firm clarifies that it only seeks the amount from the settlement proceeds equal to its earned fees, not the entire settlement amount. See id. at 1–2. It asserts that whether Stonewater has an ultimate right to the remaining settlement proceeds is not germane to the instant Motion, as Merryton and Stonewater's interest is secondary to PJD Law Firm's earned fee. See id. at 3.

Second, PJD Law Firm avers that it represented Merryton despite Stonewater's claim that it represented Bossier Inn. See id. at 5. It argues Mr. Dugas's declaration affirms that it was retained by Merryton in November of 2020. See id. Because Merryton's insurance claims against Scottsdale have been fully resolved, PJD Law Firm submits that it is entitled to its earned fees. See id. at 8.

Third, PJD Law Firm contends that intervention is not necessary because it can recover earned attorney's fees through other legal proceedings. See id. Furthermore, PJD Law Firm advances that intervention is not a "true option" here because it does not have a claim that shares with the main action. See id. at 8–9. Nevertheless, it reasserts that its

6

claim is superior regardless of whether Merryton or Stonewater ultimately receive the insurance settlement proceeds. See id. at 9.

Finally, PJD Law Firm avers that its ten percent contingency fee is reasonable based on the "100 times increase" in Scottsdale's payment. See id. It contends that its inherent risk in this matter and favorable outcome on Merryton's insurance claims demonstrate that its ten percent contingency fee is "clearly proper." See id. at 10. PJD Law Firm ultimately requests that its Motion be granted. See id.

**III. Analysis.**

"An attorney with a written contract affording him an interest in his client's claim has first rank privilege 'to the extent of his earned fee on any recovery obtained by settlement.'" Pierre v. T&K Express, Inc., No. 17-cv-1013, 2018 WL 6423871, at *1 (E.D. La. Nov. 7, 2018), Pierre v. T&K Express, Inc., No. 17-1013, 2018 WL 6411366 (E.D. La. Dec. 6. 2018) (adopting report and recommendation). La. R.S. § 37:218 is intended "'to prevent a client[] discharging an attorney and thereby depriving the attorney of his earned fee.'" City of Alexandria v. Cleo Corp., No. 1:05-cv-01121, 2010 WL 3341546, at *2 (W.D. La. Aug. 20, 2010) (quotation omitted). Thus, the privilege by this statute is applicable "'in situations where the attorney's former client settled a suit in which the attorney provided legal services.'" Id. (quoting Ross v. Salomon, 756 So. 2d 629, 630–31 (La. App. 2d Cir. 2000) (emphasis omitted)).

If the Court accepts PJD Law Firm's allegations as true, it appears it may have a superior lien on the settlement proceeds pursuant to La. R.S. § 37:218 and its contingency fee agreement with Merryton. Even so, the Court finds that it is premature to enforce this

7

lien, as there is still an ongoing dispute between Merryton and Stonewater. See Pierre, 2018 WL 64223871, at *2. While a final judgment is not necessary to enforce the superior lien under La. R.S. § 37:218, currently enrolled counsel may have similar fee arrangements entitling them to a superior lien under the statute.

Therefore, since there are multiple attorneys involved in this litigation, there is a possibly that disbursing these funds only to PJD Law Firm could harm other counsel who may later claim a superior lien under La. R.S. § 37:218. It is not within the purview of this Court to rank or prioritize these potential superior liens, especially when the Court is unaware of the kinds of fee arrangements involved. Merryton's contingency fee agreement with PJD Law Firm, alone, is "insufficient to establish what portion of the settlement funds, if any, [PJD Law Firm] [has] a claim in." Id. Since the settlement funds have been deposited in the registry of the Court, PJD Law Firm "need not fear that the funds will be distributed without due consideration of their rights." Id.

The Court's denial of the instant Motion does not prevent PJD Law Firm from asserting a similar motion at a more appropriate time. However, the Court advises counsel that any future motion for the disbursement of funds should contain accurate amounts instead of being replete with inconsistencies.[2]

---

[2] If PJD Law Firm files a similar, timely motion in the future, it should contain the following: written attorney fee contract as required by law; accurate itemization of expenses; and any supplemental documents, including invoices and proof of payments. If the Court finds this potential future motion to be insufficient and replete with inconsistencies, it will likely be denied.

8

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that PJD Law Firm's Motion (Record Document 136) is **DENIED WITHOUT PREJUDICE** as premature.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 11th day of July, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE